COUNTY HOSPITAL — CONSTRUCTION ON LAND OWNED BY CITY Pursuant to a special bond election conducted April 1, 1975, by Logan County for the purpose of authorizing the construction of a Logan County Hospital, said hospital can be constructed on land owned by a city within the county upon which the county has a long-term lease vesting ownership of the hospital building and appurtenances in the county. The Attorney General has received your request for an opinion wherein you ask, in effect, the following question: Pursuant to the special bond election conducted April 1, 1975, by Logan County for the purpose of authorizing the construction of a Logan County Hospital, can said hospital be constructed on land owned by a city within the county but upon which the county has a long-term lease vesting ownership of the hospital building and appurtenances in the county? Title 19 O.S. 781 [19-781] (1971), provides: "All counties in the State of Oklahoma are hereby authorized to issue bonds for the purpose of purchasing sites, erecting and constructing county hospitals, including alterations, additions to, and enlargements of existing hospital buildings in such county, such bonds to be issued as hereinafter provided." Title 63 O.S. 1-719 [63-1-719] (1971), provides, in part: "Any county, city, or town is hereby authorized to issue bonds for constructing and equipping a hospital, community mental health facility, public health center, or related health facility, to be owned and operated by such county, city, or town . . ." It is apparent that counties are authorized to issue general obligation bonds for the enumerated purposes set out above. You inquire specifically in your request about the purpose clause language contained in the ballot title submitted to and approved by the voters of Logan County pursuant to an election on April 1, 1975. Being required by 62 O.S. 13 [62-13] (1971), to approve the legality of said bond issues, the records of the Attorney General reveal that said issue was approved by the Attorney General on May 16, 1975, and that the ballot title contained the following purpose clause: ". . . For the purpose of constructing and equipping a Logan County Hospital, to be used as a General Hospital to be within and for, and to be owned and operated by said County, said Hospital to be County-owned, County-operated and County maintained . . ." Title 19 O.S. 787 [19-787] (1971), provides, in part: "Out of the proceedings of said bonds the County Commissioners shall proceed to purchase a suitable site for the erection of such county hospital and to erect said building on said site, or to alter, add to, or enlarge existing hospital buildings . . ." Although 19 O.S. 787 [19-787] provides that the County Commissioners shall use the bond proceeds to purchase a suitable site, this provision must be read together with the authorized purposes for which such bonds may be issued pursuant to 19 O.S. 781 [19-781] and 63 O.S. 1-719 [63-1-719], and the actual purposes authorized pursuant to the April 1, 1975, election. The County is authorized in 19 O.S. 781 [19-781] to issue bonds for the purpose of purchasing sites, but the Legislature clearly did not intend for a County to be required to purchase a hospital site with bond proceeds where a site was already owned by the County or was otherwise available. The ballot proposition on the election in question did not provide for the purchase of a suitable site. In addition, 63 O.S. 1-719 [63-1-719] authorizes a county to issue bonds for the purpose of constructing and equipping a hospital but does not mention the purchase of a site. The provision in 19 O.S. 787 [19-787] regarding the purchase of a suitable site out of bond proceeds would apply only where the County has elected to obtain voter approval for the issuance of bonds to acquire a hospital site. In authorizing the issuance of county bonds for hospital purposes, it is clear that the statutes require the county hospital to be county-owned, county-operated, and county-maintained. There is no specific statutory requirement that the County must also own the land upon which the hospital is built. You state in your request that the lease, which provides the site for the proposed construction of the county hospital, is for a period of forty (40) years with options to renew for additional terms of fifty years each vested in the county. You relate that the total monetary consideration for the lease and the options to renew has been paid by the county in a one-time payment. You also state that the lease provides that the hospital buildings and appurtenances will not become fixtures to the land but will be owned by the County. It is apparent that these lease provisions meet the requirements of the statutes in that the bond proceeds will be used to construct a county hospital that will be county-owned. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Pursuant to the special bond election conducted April 1, 1975, by Logan County for the purpose of authorizing the construction of a Logan County Hospital, said hospital can be constructed on land owned by a city within the county upon which the county has a long-term lease vesting ownership of the hospital building and appurtenances in the county. (MIKE D. MARTIN) (ksg)